UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNION SECURITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-228-DCR |
| V. | ) ) ) | |
| TIMOTHY T. HOCKENSMITH, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Union Security Insurance Company ("Union Security") brings this interpleader action seeking to resolve a controversy concerning the payment of life insurance proceeds. Defendants Timothy and Margaret ("Maggie") Hockensmith ("the Hockensmiths") have filed motions for judgment on the pleadings [Record No. 11] and to dismiss the interpleader action [Record No. 30]. Union Security has filed a motion to dismiss the Hockensmiths' counterclaims [Record No. 17] and the Hockensmiths have moved for leave to amend their counterclaims [Record No. 24].

**I.**

Lucia Mora ("Mora" or the "decedent") was formerly employed by Vuteq USA, Inc. ("Vuteq") and participated in its employee welfare benefit plan ("the Plan"), which provided life insurance benefits. [Record No. 1, p. 3 ¶ 9] Union Security insured the Plan under Group Term Life Insurance Policy Number G 5469917. Mora had life insurance benefits under the policy in the amount of $41,000.00. *Id.* at ¶ 11.

The policy provided that the life insurance proceeds would be paid to Mora's beneficiary upon her death. The policy defined "beneficiary" as "the person or entity you choose to receive your amount of insurance at your death." *Id.* at ¶ 14. Mora was free to change the beneficiary at any time, but such requests had to be signed and in writing, and in a form acceptable to Union Security. Requests to change a beneficiary could be sent to Union Security's home office or Vuteq's main office. [*See* Record No. 1-1. p. 24.] The policy provided default beneficiaries in the event a beneficiary was not named or the beneficiary was not living at the time of the policyholder's death. [Record No. 1 at ¶ 14]

Union Security informed Mora by letter dated August 25, 2015, that it did not have a beneficiary designation on file and asked her to complete and return one. *Id.* at ¶ 18. However, Mora passed away on January 21, 2016, without having returned the form. *Id.* at ¶¶ 18-19. Mora's ex-husband, Timothy Hockensmith ("Timothy") asserted a claim for benefits under the policy in April 2016. *Id.* at ¶ 20. Shortly thereafter, Mora's sister-in-law, Shawna Passero, filed an "incomplete claim," which appeared to be made on behalf of Mora's estate. *Id.* at ¶ 21. Passero advised Union Security that she intended to assert a claim on behalf of herself and Mora's daughter Maggie, who was a minor at the time. Mora's sister, Guadalupe America Mora Chichino ("America"), asserted a claim for benefits under the policy in October 2016. *Id.* at ¶ 22.

Union Security sought to determine Mora's true beneficiary in light of the competing claims. While it did not have a signed, written beneficiary designation in its records, Union Security's "census records" from 2015 indicated that Mora signed a beneficiary designation on May 8, 2014, naming America as the sole primary beneficiary. Union Security asked Vuteq to provide a copy of the beneficiary designation that it had in its file. Vuteq had Mora's

original application for coverage in 1999, which named her mother, Margarita Chichino ("Margarita"), and her daughter Maggie as primary beneficiaries. *Id.* at ¶ 25. Vuteq also provided a signed statement to Union Security which provides:

> I, Doreen St. Onge, reviewed the beneficiary designation signed by Lucia Mora under policy 5469917/0/1. The beneficiary designation appeared to be signed by the insured, was dated after June 1, 2014, and named Timothy Hockensmith as the sole primary beneficiary. I also hereby certify the original beneficiary designation was mailed to Mr. Timothy Hockensmith, and a copy was not retained in our records.

*Id.* at ¶ 24. Timothy advised Union Security that he did not have a copy of the document. Vuteq also had a record of a 2011 divorce decree under which Timothy agreed to "waive, release, and relinquish unto [Mora] . . . all of his right, title, and interest in and to all property now owned or hereafter acquired by [Mora], including . . . the right to take any non-probate assets of the other (such as life insurance proceeds . . .) for which Husband may be named beneficiary . . . ." *Id.* at ¶ 26.

Union Security filed this action in interpleader naming Timothy, Maggie, America, Shawna, and Margarita as defendants. 28 U.S.C. § 1331; 29 U.S.C. § 1001, *et seq.* It appears that Shawna has been served with the Complaint, but has not filed an Answer or otherwise made an appearance. [*See* Record No. 7.] Union Security is still attempting to serve the remaining defendants in Mexico. [*See* Record Nos. 33-35.]

## II.

The Hockensmiths have moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment under Rule 56. [Record No. 11] A party's Rule 12(c) motion is properly granted when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *JPMorgan Chase*

*Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). The Court accepts as true "all well-pleaded material allegations," but "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Motions to dismiss under Rule 12(c) are reviewed under the same standard as those under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Peatross v. City of Memphis*, 818 F.3d 233, 239-40 (6th Cir. 2016). The Court may consider exhibits attached to the Complaint so long as they are referred to in the Complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

The Hockensmiths' view of this case is simple: Union Security did not have a beneficiary designation on file, so the proceeds must go to Maggie, the decedent's only living child. However, the Complaint includes several allegations that preclude such a straightforward analysis. To begin, Vuteq had possession of Mora's original application for life insurance benefits in which she named both her mother and daughter as beneficiaries. [*See* Record No. 18-1.] Further, the policy allowed Mora to change the beneficiary by notifying Vuteq and, according to the Complaint, there is evidence indicating that she did so on two occasions. Contrary to the Hockensmiths' suggestion, Union Security's lack of a beneficiary designation form in its file does not end the inquiry regarding Mora's beneficiary. As a result, the Hockensmiths' motion for judgment on the pleadings will be denied.

The Hockensmiths have filed a separate "motion to dismiss interpleader." [Record No. 30] This motion also is based on the argument that Maggie clearly is entitled to the insurance

proceeds and that there is no "real risk of multiple liability by the stakeholder." [Record No. 30, p. 1] In support, the Hockensmiths rely on cases in which competing claims to insurance benefits were deemed facially "devoid of substance." *See, e.g., John Hancock Mut. Life Ins. Co. v. Beardslee*, 216 F.2d 457, 460-61 (7th Cir. 1954) (daughter acknowledged that she was not beneficiary under the policy at the time of policyholder's death). But that is not the case here. Where there are claimants asserting competing claims such that an ERISA plan fiduciary may be exposed to multiple liability, it is appropriate for the fiduciary to initiate an interpleader action joining the claimants as adverse parties. *See Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 419 (6th Cir. 1997).

Based on the facts as alleged in the Complaint, Union Security cannot determine whether Mora's initial designation remains valid, whether she effected a change prior to her death, or whether her failure to respond to its August 2015 letter voided any prior designation. Accordingly, this motion to dismiss will be denied, as well.

**III.**

The Hockensmiths assert counterclaims against Union Security alleging that Maggie is entitled to the proceeds under the terms of the contract (count I) and under Kentucky law (count II). [Record No. 10] Union Security has moved to dismiss the counterclaims, arguing that they are completely preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* [Record No. 17] Union Security contends -- and the Hockensmiths do not contest -- that Vuteq was Mora's employer, as defined under ERISA, and that the life insurance, underwritten by Union Security, was part of the employee welfare benefit package offered by Vuteq to its employees. Accordingly, the Plan is regulated by ERISA, which preempts "any and all State laws insofar as they may now or hereafter relate to

any employee benefit plan."  29 U.S.C. § 1144(a). *But see Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005) (quoting *LeBlanc v. Cahill*, 153 F.3d 134, 147 (4th Cir. 1998) (ERISA generally does not "preempt traditional state-based laws of general applicability that do not implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries").

The Hockensmiths make no serious argument that Union Security is not a fiduciary under the Plan and that their state-law claims are not preempted.  ERISA provides that

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).  An insurance company that "administers claims for an employee welfare benefit plan and has authority to grant or deny the claims . . . is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)."  *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. Of Ohio*, 982 F.2d 1031, 1035 (6th Cir. 1993).  The policy provides that Union Security has "sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy."  [Record No. 1-1, p. 26]  Accordingly, the Hockensmith's counterclaims under state law are preempted by ERISA and will be dismissed.

The Hockensmiths alternatively seek leave to amend their counterclaim to add a claim for breach of fiduciary duty based on Union Security's failure to remit the policy proceeds to Maggie.  [Record No. 24, p. 4]  "Leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but the Court need not grant leave to amend where amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).  The Hockensmiths did not

provide a proposed amended pleading or otherwise explain why Union Security's failure to pay the insurance proceeds to Maggie constitutes a breach of fiduciary duty. Contrarily, an ERISA plan fiduciary's decision to proceed via interpleader rather than choosing from competing adverse claimants does not constitute a breach of fiduciary duty. *Hartford Life & Accident Ins. Co. v. Moss*, No. 1: 07-CV-204-JHM, 2008 WL 11357971, at *3 (W.D. Ky. Dec. 18, 2008).

Finally, the Hockensmiths claim damages relating to interest they could have earned on the insurance proceeds "had Union Security timely paid over the proceeds to Maggie." [Record No. 24, p. 5] They argue that this claim is distinct from their claims to the interpleaded funds. However, a valid interpleader action shields the interpleader plaintiff from liability where the counterclaims are "essentially based on the plaintiff's having opted to proceed via interpleader complaint rather than having chosen from among adverse claimants." *Wachovia Bank, N.A. v. Zomax, Inc.*, No. 2: 09-CV-0076, 2009 WL 3698443, at *4 (S.D. Ohio Nov. 3, 2009) (quoting *Met. Life Ins. Co. v. Barretto*, 178 F.Supp.2d 745, 748 (S.D. Tex. 2001)). To the extent the Hockensmiths have asserted a separate claim under this theory, it will be dismissed.

**IV.**

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.      The Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment, filed by Defendants Timothy and Maggie Hockensmith [Record No. 11] is **DENIED**.

2.      The Motion to Dismiss Counterclaims filed by Union Security Insurance Company [Record No. 17] is **GRANTED**.

3.      The Motion for Leave to Amend filed by Defendants Timothy and Maggie Hockensmith [Record No. 24] is **DENIED**.

4.      The Motion to Dismiss Interpleader by Defendants Timothy and Maggie Hockensmith [Record No. 30] is **DENIED**.

This 14th day of November, 2017.

Signed By:

_Danny C. Reeves_ DCR

United States District Judge